400 P.2d 330

**STATE of Arizona, Appellee,**

v.

**Manuel RASCON, Appellant.**

No. 1407.

Supreme Court of Arizona.

In Division.

March 25, 1965.

Darrell F. Smith, Atty. Gen., Robert W. Pickrell, former Atty. Gen., Stirley Newell, former Asst. Atty. Gen., Phoenix, for appellee.

Pasquale R. Cheche, Phoenix, for appellant.

T. J. MAHONEY, Superior Court Judge.

The appellant was charged by information with the illegal sale to one Jesse Saenz of a certain narcotic, to-wit, heroin, in violation of § 36–1002.02, A.R.S. as amended. He was found guilty and sentenced to serve a term of not less than twelve and not more than fifteen years in the Arizona State Prison.

Saenz testified that about 3:00 p. m. on April 15, 1963, Saenz and Roy Madrid, a state narcotics agent, approached the defendant's home at 314 West Yavapai in Phoenix. Saenz had earlier been completely stripped and searched by Madrid who had given him a $10.00 bill in order for him to make the purchase. Saenz knocked on the door and asked for the defendant. Defendant came to the screen door and Saenz asked him if he had any heroin. The defendant said yes and asked how much he wanted. Saenz replied, "a paper". Defendant then disappeared. When defendant came back he opened the screen door and stepped out on the porch. Saenz handed him the $10.00 bill and received a folded yellow paper in exchange. Defendant went back in the house without looking around.

Saenz kept the paper cupped in his hand and went directly across the street to where Agent Madrid had been waiting and observing the transaction while standing outside his vehicle. Saenz gave the yellow paper to Madrid and watched Madrid in-

itial it. They returned to the State Narcotics Office and Saenz watched Madrid seal the yellow paper in an envelope and place it in his private locker. Madrid later transferred it to another agent who made a preliminary field test. It was later taken to a chemist who performed a test and concluded that the contents contained heroin. Each of these witnesses testified at the trial at which time the yellow paper was admitted in evidence over the objection of defendant.

The appellant advances nine assignments of error. These assignments may be grouped into two basic contentions of error. Assignments No. 1, 2, 3, 4 and 5 are based upon a proper identification of the yellow slip of paper handed to Saenz by the defendant while they were standing at the front door of defendant's residence. Assignments of error 6, 7 and 8 deal with the testimony of the witness Saenz to the effect that he had previously sold heroin to the appellant and a reference to this by the State in its closing argument.

The evidence is uncontradicted that the Agent Madrid observed the witness Saenz from the time he left the car until he had received the package from the defendant and returned to the car. The witness kept the paper cupped in his right hand until he gave same to Madrid and then he watched Madrid initial it.

A foundation for the introduction of an object into evidence may be laid either through its identification by witnesses or through the establishment of a chain of possession. To require not only the continuity of possession to be established but also that there be positive identification by everyone concerned would impose an unnecessary burden while it would not insure a fairer trial to the accused. People v. Greer, 28 Ill.2d 107, 190 N.E.2d 742 (1963); People v. Judkins, 10 Ill.2d 445, 140 N.E.2d 663 (1957); Wilson v. State, 28 Ariz. 539, 237 P. 950 (1925). The yellow paper was positively identified by Madrid and was therefore admissible.

The attorney for the defendant upon cross-examination of the witness Saenz deliberately asked the following questions:

"Q. And prior to that time, you were living at 3rd Avenue and Pima?

"A. Yes.

"Q. And you were selling heroin at one time, weren't you?

"A. Yes, sir.

"Q. And you were selling to the defendant at one time, weren't you?

"A. Yes.

"Q. And you and the defendant were taking fixes together at one time, weren't you?

"A. Yes, sir.

"Q. Now, when did you quit selling heroin?

\* \* \* \* \* \*

"Q. And you don't remember selling to anyone of those from whom you bought, except Manuel Rascon, is that right?

"A. I do not understand, sir.

"Q. You say you were selling for Sammy Gonzales?

"A. Yes.

"Q. But you can't remember anyone to whom you sold except Manuel Rascon?"

He now assigns as error the failure of the State to object to his asking these specific questions of the witness on cross-examination. He further assigns as an error the remark of the county attorney in the closing argument as follows:

"As to any testimony by the State that the defendant is a pusher, or that Saenz bought from him previously, I can only say this: I think it is a matter of law that such testimony, if it were brought out by the State, would only be prejudicial and lead to prejudicial error in the record."

We do not believe there was any intention upon the part of the county attorney to inject this as a new issue in the case nor to prejudice the defendant. The reading of the transcript shows that the attorney for the defendant himself made reference to this in his closing argument wherein he stated: "Sometime I was selling to Manuel Rascon and we were fixing together. We were fixing together."

These assignments of error are without merit. A party may not invite error at the trial and then assign it as error on appeal. State v. Vidalez, 89 Ariz. 215, 360 P.2d 224 (1961); Hightower v. State, 62 Ariz. 351, 158 P.2d. 156 (1945). For the foregoing reasons the judgment of the trial court is affirmed.

LOCKWOOD, C. J., and McFARLAND, J., concurring.