428 P.2d 437

**STATE of Arizona, Appellee,**
v.
**Raul Garcia MOLINA, Jr., Appellant.**
No. 2 CA–CR 82.

Court of Appeals of Arizona.

June 6, 1967.

Rehearing Denied June 30, 1967.

Darrell F. Smith, Atty. Gen., Carl Waag, Asst. Atty. Gen., Phoenix, William J. Schafer, III, Pima County Atty., Tucson, for appellee.

Ted Pedersen, Tucson, for appellant.

KRUCKER, Judge.

This appeal is prosecuted by the defendant below, Raul Garcia Molina, Jr., from a conviction on August 12, 1966, on an information charging two counts of aggravated battery against two small children.

Four questions are raised on appeal. The first question deals with the examination of the jury panel on voir dire. The second and fourth questions go to the weight and sufficiency of the evidence concerning directed verdicts, and the third question deals with an instruction taken from Rule 118, Arizona Rules of Criminal Procedure, 17 A.R.S.

We will dispose of the last three questions first. We find no error as to any of these questions. As to the second and fourth questions, dealing with weighing the evidence, and testing the evidence for sufficiency on a motion for a directed verdict, the trial judge must weigh the evidence, and in a criminal case the trial judge has an even greater duty than in a civil case, to see that the trial is just. State v. Bogard, 88 Ariz. 244, 354 P.2d 862 (1960). A verdict must be supported by proof beyond a reasonable doubt. Reviewing the record in this case, we cannot say that the experienced trial judge in any way failed to weigh the evidence. The record shows that this was done, and the only thing suggested by appellant is a conflict in dates which would not be grounds for a directed verdict. See State v. Holliday, 92 Ariz. 168, 171, 375 P. 2d 370 (1962).

As to the third question, the instruction given by the court was as follows:

"Now you are further instructed that the State of Arizona need not prove that the crime charged was committed on the exact day or days charged in the Information. It is sufficient if the evidence shows beyond a reasonable doubt that the crime was committed by the Defendant before the Information was filed and not later than the date the Information was filed and within the statutory period of limitations".

The mother and complaining witness, Mary Helen Sanchez, testified that the alleged incidents occurred on March 9, 1966. Dr. Heller, the attending physician, testified that he examined the children at 2:30 P.M., March 11, 1966, and that the wounds on the children had been inflicted within a 24-hour period of his examination. This would make a discrepancy of one day in these dates. The information alleges that the incidents occurred on or about March 9, 1966. Because of the discrepancy in time, of approximately one day, it was absolutely necessary to give the instruction and our courts have repeatedly held that a variance between the information and the proof is not fatal. Pray v. State, 56 Ariz. 171, 106 P.2d 500 (1940); Hash v. State, 48 Ariz. 43, 59 P.2d 305 (1936); State v. Martin, 2 Ariz.App. 510, 410 P.2d 132 (1966).

The principal question raised on this appeal is the question concerning the voir dire of the jury. Defense counsel asked the panel the following question:

"* * * but let's assume now hypothetically that the Judge, Judge Frey, stops everything right now, which he won't do, of course, he stops everything and says, panelists, I want you all to take a vote on the guilt or innocence of Mr. Molina here, right now. Let's assume and make believe that Judge Frey did that and that Judge Frey asked you to vote on the guilt or innocence of Mr. Molina. Now how many of you would vote Mr. Molina innocent under such circumstances? Raise your hands. I'm sorry, apparently some panelists didn't understand the question."

Objection to this question was sustained.

Appellant argues that this was error, and that the sustaining of the objection touches the question of constitutional rights having to do with the presumption of innocence, the purpose of the question being to determine if any members of the panel were reluctant to subscribe to the rule regarding the presumption of innocence.

Apparently some of the jurors did not raise their hands, but the number in dispute is not indicated by the record. Without further pursuing the subject, by individual questions to jurors or otherwise, counsel passed the panel. Later, the defendant moved for a mistrial because the objection to this question was sustained. The court stated:

"Well, so the record will be straight, it appeared to the Court that most if not all of the jurors were in the process of either raising their hands or looking at each other wondering what they were supposed to do. And the question appeared to the Court to be rather confusing to the jury and rather superfluous. For that

reason I sustained the objection, and I am going to deny the motion. The record may so show."

At the very outset of the case, the court informed the panel, among other things:

"* * * The law requires, provides, that a Defendant is presumed to be innocent until his guilt has been established beyond a reasonable doubt by competent evidence produced in Court. And as the Defendant sits in Court and until his guilt is established, this presumption is a very real presumption. He is innocent until the State proves beyond a reasonable doubt by competent evidence that he is guilty. And you must give the Defendant the benefit of this presumption.

"Now the reason we tell you this at this point and what we say at this point certainly is no evidence whatsoever, because we are telling you only what the charge is against the Defendant. And the reason we tell you this is because we are going to try to ascertain your state or frame of mind to determine whether or not you can sit as fair, impartial, open-minded jurors, jurors who are qualified to try this case, be fair and impartial to both the State of Arizona and to the Defendant."

Appropriate instructions on the presumption of innocence were given to the jury at the conclusion of the trial, and no complaint is here made as to these instructions.

■■ We think that the question asked by defense counsel was artificial and confusing. The requesting of a jury vote on guilt or innocence before the trial is commenced is so unrealistic that a meaningful answer is difficult to conceive. Voir dire of a jury is a discretionary matter. State v. Jordan, 83 Ariz. 248, 320 P.2d 446 (1958). So long as there is no abuse of discretion, the ruling of the trial court should stand. The extent of voir dire examination of the jurors should be left to the sound discretion of the trial court to determine the presence or absence of bias and prejudice. State v. Lovell, 97 Ariz. 269, 399 P.2d 674 (1965).

The extent to which parties are allowed to examine jurors as to their qualifications cannot be covered by fixed rules. It is not within the province of counsel, on voir dire examination, to instruct the jurors on matters of law. State v. Wallace, 83 Ariz. 220, 319 P.2d 529 (1957).

Finding no error on the part of the trial court, the judgment is affirmed.

HATHAWAY, C. J., and MOLLOY, J., concur.