507 P.2d 121

**STATE of Arizona, Appellee,**

v.

**Pamela HODGES, Appellant.**

**No. 2477.**

Supreme Court of Arizona,
In Banc.
March 14, 1973.

Gary K. Nelson, Atty. Gen., by Thomas A. Jacobs, Asst. Atty. Gen., Phoenix, for appellee.

Gene Lewter, Phoenix, for appellant.

HOLOHAN, Justice:

·Pamela Hodges was convicted of sale of heroin and sentenced to confinement in the State Prison for a term of five years to five years and one day. Her codefendant, Floyd Matlock, brought a separate appeal to this Court which is the subject of our opinion in State v. Matlock, 109 Ariz. 193, 507 P.2d 118 (1973), filed this day. Each defendant had separate counsel at trial and on appeal.

Two questions are raised in this appeal: (1) Was it reversible error for the trial court to refuse to quash the indictment on the grounds of insufficiency of the bill of particulars? (2) Was it reversible error for the trial court to admit the heroin into evidence over the objection of the defense that the State was missing an essential witness to the chain of .custody?

The first question has been answered in our opinion in State v. Matlock, supra. The facts in this regard are the same as those set out in our opinion in that case. Since we held that the trial court did not abuse its discretion in denying the motion to quash the indictment, we need not consider the matter further here.

The second issue raised in this appeal concerns the fact that there was a ten-second period in which the heroin involved in the sale was in the possession of one Goudreau, a person working with police who did not testify at trial. Appellant argues that the result of Goudreau's failure to testify is a broken chain of custody which prohibited the trial court from allowing the heroin to be admitted into evidence.

After the defendant, Matlock, received $40 from Officer Guzzetta, defendant Hodges placed two balloons containing heroin on the curb alongside the car in which the officer and Goudreau were sitting. Goudreau picked up the balloons, and the officer drove away. The balloons were held by Goudreau for approximately ten seconds before they were given to the police officer as they were riding from the scene. At trial the balloons of heroin were traced from the curb to the police criminalist who identified the substance in them as heroin. Prior to their going to the scene of the sale, Goudreau had been searched by another police officer, in the presence of Officer Guzzetta, to confirm that Goudreau had no contraband on his person. The only person who handled the heroin during that time who did not testify at trial was Goudreau, whose testimony, it is argued by the defense, was vital to establish the chain of custody.

In State v. Rascon, 97 Ariz. 336, 400 P.2d 330 (1965), we said:

"A foundation for the introduction of an object into evidence may be laid either through its identification by witnesses or through the establishment of a chain of

' possession. To require not only the continuity of possession to be established but also that there be positive identification by everyone concerned would impose an unnecessary burden while it would not insure a fairer trial to the accused. (Citing cases)" 97 Ariz. at 338, 400 P.2d at 331.

We have also held that varying testimony concerning custody affects the weight and not the admissibility of a package containing narcotics. State v. Little, 87 Ariz. 295, 350 P.2d 756 (1960). It is not necessary to place on the witness stand every person through whose hands the exhibit passed or to show that there was no possibility that the evidence was tampered with. Witt Ice & Gas Co. v. Bedway, 72 Ariz. 152, 231 P.2d 952 (1951). We find the heroin was properly admitted into evidence in this case.

We have reviewed the entire record pursuant to A.R.S. § 13-1715; State v. Burrell, 96 Ariz. 233, 393 P.2d 921 (1964), and Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); and have found no fundamental error.

Affirmed.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.