514 P.2d 460

**STATE of Arizona, Appellee,**
**v.**
**Andrew Milo NOBLE, Appellant.**

**No. 2507.**

Supreme Court of Arizona,
In Banc.

Sept. 20, 1973.

Gary K. Nelson, Atty. Gen., William P. Dixon, Asst. Atty. Gen., Phoenix, for appellee.

Crampton & Keppel, P. C. by James H. Keppel, Scottsdale, for appellant.

LOCKWOOD, Justice:

Defendant Andrew Noble was convicted of armed robbery and sentenced to a term of not less than ten nor more than twelve years in the Arizona State Prison. From this he appeals.

The pertinent facts are as follows: The defendant was charged with the armed robbery of the Dana Brothers Gas Station, of which Ed Moran was in charge. Several minutes after the incident, the defendant was picked up by the police as a suspect and driven back to the scene of the robbery for identification. The victim Ed

Moran identified the defendant as one of the robbers, including the grey striped pants he was wearing at the time of the robbery and at the on-the-scene identification.

At the trial defense counsel attempted to introduce as evidence certain articles of clothing (including some green pants) allegedly belonging to the defendant and which he was wearing at the time he was booked into Maricopa County Jail approximately twenty hours after his arrest. The State objected on the grounds that it was irrelevant, immaterial, and lacking proper foundation. The court sustained the objection although some of the State's case regarding identification of the defendant hinged upon the victim's recollection that, at the time of the robbery, the defendant was wearing grey striped pants.

After both sides had rested, and after the opening portion of the State's summation, the court recessed. During the recess, the defendant made a demand to testify on his own behalf to a Deputy Sheriff. The matter was brought to the attention of the Deputy County Attorney who disclosed the situation to the Court and defense counsel. At this time a hearing was had without the defendant's presence, where the court tried to determine from defense counsel whether the defendant waived his right to testify. The court then proceeded with the closing arguments, instructions and submission of the case to the jury.

The defendant first claims that the trial court erred in its failure to have the defendant present at the hearing regarding the voluntariness of his waiver of his right to testify.

■ It is well established that in criminal prosecutions an accused has the right to testify in his own behalf. Ariz.Const. Art. 2 § 24, A.R.S.; State v. Tillery, 107 Ariz. 34, 481 P.2d 271 (1971); State v. Martin, 102 Ariz. 142, 426 P.2d 639 (1967).

The facts in the instant case are similar to those in State v. Galbreath, 97 Ariz.

361, 400 P.2d 842 (1965). In Galbreath, the record contained a certificate wherein the defendant's attorney stated the reason why he did not permit the defendant to take the stand, as well as the fact that the defendant had two prior felony convictions and had served sentences in the Arizona State Prison.

In the present case, Noble's attorneys, at the hearing on this matter, testified as follows:

"MR. WORTMAN: Your Honor, during our preparation for the trial of this case, discussing with the defendant the effect of his taking the stand in his own behalf or not taking the stand in his own behalf, and that was by way of passing, the *defendant until the conversation with the jailer,* which we then had just a brief moment to discuss with the defendant after court recessed this morning but before counsel came into chambers at the Judge's behest, *it had not become known to us prior to that time that the defendant bore a deep feeling with regard to testifying in this case,* and so it had just come up upon the Court taking its recess, and that being just this morning.

\*　　\*　　\*　　\*　　\*　　\*

"I'd say we talked to him for approximately 10 minutes, and the result of that conversation was to the effect that the *defendant withdrew his request to us that he be allowed to take the stand* and give testimony in his own behalf, and acquiesced, if not agreed, with the advice of counsel that he not.

\*　　\*　　\*　　\*　　\*　　\*

"MR. HARRELL: I think the record ought to reflect as well, since Mr. Wortman and *I have spoken to him separately on numerous occasions,* that what he has said to me goes as well, and *no representations about him taking the stand have been made prior to those being made immediately preceding this hearing.*

"THE COURT: Then I understand from defense counsel that in your trial

preparation and up until this time that you have discussed the right of the defendant to testify in this case, is that correct ?

"MR. WORTMAN: That's correct, Your Honor.

"THE COURT: You have advised him of what might possibly happen if he did or didn't is that correct?

"MR. WORTMAN: Yes. *We discussed the implications for and against his taking the stand.*

"THE COURT: Did the defendant at any time during the trial and prior to the close of the case, the evidence in this case, express any desire to counsel that he wished to testify?

"MR. HARRELL: Not to me.

"MR. WORTMAN: Nor to myself, Your Honor." (Emphasis added.)

Noble did not voice his wish to testify until after the opening portion of the county attorney's closing argument to the jury. Apparently, he expressed no desire to testify prior to this time. Noble never told the judge but rather informed a guard. As we said in State v. Tillery, *supra*:

"Were defendant's desires to testify in his own behalf as strong and unrelentless as he now claims they were,. he would not have maintained his silence throughout the entire trial. He might very easily have directed his request to the court or made motion to have his attorney removed." 107 Ariz. at 37, 481 P.2d at 274.

Furthermore, the county attorney filed a "Motion to Add Allegation of Prior Conviction as an Addendum to the Information" in which is found the allegations that the defendant was convicted on two counts of perjury, both felonies. If the defendant testified this could certainly have been used to impeach his testimony.

Therefore, the facts before the judge were sufficient for him to deny Noble's request to testify at this stage of the proceedings.

However, the defendant only claims that the court erred, not in refusing to let him testify, but in not allowing him to be present at the hearing on this matter.

Fundamental constitutional rights such as the right to testify should not be deemed waived by an independent determination on the part of defendant's counsel and the matter should be subject to the defendant's consideration before the waiver is made part of trial strategy. Henry v. State of Mississippi, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965).

Furthermore, waiver has been defined as "an intentional relinquishment or abandonment of a known right or privilege." Johnson v. Zerbst, 304 U.S. 458, 464, 58 S. Ct. 1019, 1023, 82 L.Ed. 1461, 1466 (1938).

The issue of whether one voluntarily waives his right to testify is subjective. Certainly the best means of demonstrating the defendant's state of mind are his own declarations rather than his attorney's impressions based upon hearsay.

Although not enumerated as a stage of the proceedings at which the presence of the defendant is required under Rule 231, Rules of Criminal Procedure, 17 A.R.S., we still feel that a defendant has a right to be present at the hearing determining the voluntariness of his waiver to testify.

Therefore the court erred by not having the defendant present at the hearing in chambers regarding the waiver of his right to testify.

However, under the circumstances of this case, this constituted harmless error. There was no evidence of a continuous disagreement between the defendant and his attorneys on this matter. The fact that

Noble had two prior convictions for perjury certainly would be one reason for his attorneys to advise him against testifying.

The defendant also contends that the court erred in refusing to admit the defendant's clothing in evidence for the purpose of impeaching the testimony of the victim.

■ It is well established that the trial court should be allowed reasonable discretion in determining relevancy and admissibility of evidence. State v. Turner, 92 Ariz. 214, 375 P.2d 567 (1962).

The trial court sustained the prosecutor's objection to the admission of the clothing allegedly worn by the defendant when he was booked. The grounds were the lack of foundation, materiality, and relevancy.

■ We have said that the foundation for the introduction of an object into evidence may be laid either through its identification by witnesses or through the establishment of a chain of possession. State v. Rascon, 97 Ariz. 336, 400 P.2d 330 (1965).

■ In the present case, neither criterion is satisfied. The record does not show that the officers could identify the clothing as that worn by the defendant; the officers only testified to the fact that the clothing was found in the locker assigned the defendant. Furthermore, a link in the chain of possession is missing in that from the time the defendant was picked up to the time he was booked, a period of nineteen or twenty hours had elapsed where the defendant could have changed clothes with another prisoner in the holding tank. See State v. Hunt, 91 Ariz. 149, 370 P.2d 642 (1962).

The foregoing facts indicate that the trial judge did not abuse his discretion by sustaining the objection for lack of proper foundation.

Judgment affirmed.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and HOLOHAN, JJ., concur.