520 P.2d 510

**STATE of Arizona, Appellee,**

v.

**Troy Edward KEENER, Appellant.**

**No. 2662.**

Supreme Court of Arizona,
In Banc.

April 3, 1974.

**464**

Gary K. Nelson, Atty. Gen., by Thomas A. Jacobs, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by Paul J. Prato, Former Deputy Public Defender, Phoenix, for appellant.

HOLOHAN, Justice.

Troy Edward Keener was tried and convicted of unlawful possession of marijuana and possession of dangerous drugs for sale. He was sentenced to concurrent terms of confinement in the state prison. The appellant, Keener, by his appeal, raises two questions, (1) did the trial court err in denying his motion to suppress; (2) did the trial court err in permitting a police officer witness to testify as an expert as to whether the dangerous drugs were possessed for sale.

The motion to suppress filed by appellant was based upon appellant's contention that he had been illegally entrapped. It was his contention that a certain informant of the police left a quantity of marijuana on the apellant's premises to be kept by the appellant, and thereafter the informant advised the police that appellant was in possession of marijuana.

At the hearing on the motion to suppress the officers testified as to the circumstances in receiving the information from the confidential informant and events surrounding the execution of the search warrant. The appellant does not challenge either the affidavit or the testimony of the officers that they were told by a confidential informant that he had seen appellant in possession of marijuana. The defense contends that the informant had placed the contraband with the appellant.

The appellant testified in the suppression hearing that a named person left a quantity of marijuana with him. The defense then demanded that the State advise the defense of the name of the informant. The trial court granted the request of the defense and directed the State to disclose the name of the informant. After some delay, the State identified the informant but it did not produce him as a witness for the suppression hearing.

■■■ When the issue before the trial court is not the guilt or innocence of a defendant but probable cause for an arrest or search, the State need not be required to disclose an informant's identity if the trial court is convinced by the evidence submitted in court and subject to cross-examination that the officers did rely in good faith upon credible information supplied by a reliable informant. McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967). The real issue involved in the determination of an issue such as probable cause is not whether the informant lied to the officers but whether the affiant is truthful in his recitation of what he was told and whether that information is credible and reliable. State v. Burnett, 42 N.J. 377, 201 A.2d 39 (1964).

■■■ The defense argues that there was no evidence to contradict his claim of entrapment and that the trial court erred in denying the motion to suppress. Appellant is in error in two respects. First, the evidence presented at the hearing involved a conflict of testimony with the weight and effect to be resolved by the trial court, and secondly, the defense claim of entrapment was not a material question in a motion to suppress hearing.

The testimony at the motion to suppress hearing which included the hearsay information received by the officers together with the events of the actual search as narrated by the officers in their testimony raised questions as to whether the statements of the appellant concerning the entrapment were in fact true. Several packages of marijuana were found on the premises although the appellant at first testified that the informant left a single bag of marijuana. The appellant's explanation of the presence of several packages was a matter to be weighed by the trier of fact; further the appellant admitted that

he had been in possession of some marijuana several hours before the search but he had given the marijuana to a third party.

The defense suggests that hearsay testimony could not be considered in deciding the issues presented by motion to suppress, but this point has been resolved against appellant in State v. Pederson, 102 Ariz. 60, 424 P.2d 810 (1967) and McCray v. Illinois, *supra*. Considering the evidence presented at the hearing it does not appear that the court abused its discretion in deciding the facts in upholding the search and seizure of the marijuana.

■ A motion to suppress is not the proper means for presenting an entrapment defense to an otherwise valid search pursuant to a search warrant. In order for a defendant to avail himself of the defense of entrapment he must admit the substantial elements of the crime and then present evidence that the State induced him to commit the offense which he would not otherwise have committed. State v. Boccelli, 105 Ariz. 495, 467 P.2d 740 (1970); State v. Mendoza, 109 Ariz. 445, 511 P.2d 627 (1973). A motion to suppress goes to the legality of the seizure, and the issue of guilt or innocence is not properly tried in a hearing on such a motion. Guilt or innocence is a matter to be resolved at trial with the State carrying the heavy burden of proving the case beyond a reasonable doubt. Nothing presented in the evidence before the court on the hearing to suppress in any way suggests that the warrant was invalid. The motion to suppress the marijuana seized was properly denied.

■ Appellant raises an additional point in regard to his motion to suppress evidence. A large quantity of dangerous drugs (methamphetamine) was found during the search for the marijuana, and the officers also seized the drugs. Appellant maintains that the seizure of the dangerous drugs was illegal since the officers did not obtain a search warrant to seize those items. The search took place before the effective date of the current statute A.R.S. § 13–1446C. which authorizes an officer in the execution of a search warrant to seize any property discovered in the course of the execution of the warrant, even though not described in the warrant, if the item would be otherwise subject to seizure under a search warrant. The general rule prior to the enactment of the statute was that contraband discovered in the execution of a valid search was subject to seizure even if the item was not covered by a search warrant or even if the officers were not aware of the presence of property when the search was initiated. Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399 (1947); Warden, Maryland Penitentiary v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967). There is no question but that the dangerous drugs were discovered in conducting a search pursuant to the execution of a search warrant and the drugs, being contraband, were properly seized. The trial court was correct in denying appellant's motion to suppress such evidence.

At the trial of the case the State called the informant to testify, and he specifically denied the charges made by the appellant that it was the informant who brought the marijuana to the premises. The trial court by his verdict and judgment chose to believe the witness for the State, and the appellant does nor challenge the fact that there was substantial evidence to support the judgment of the trial court. The appellant does challenge the reception of certain evidence concerning the issue of whether the methamphetamine found in the possession of appellant was possessed for the purpose of sale.

■ The appellant challenges the admission of the testimony of Sargeant Quinonez of the Phoenix Police Department, Special Investigation Bureau, who testified as an expert on drug traffic. The defense contends that the witness was not shown to be an expert and that further his testimony amounted merely to a statement of belief in the guilt of the defendant.

Whether a witness is qualified as an expert witness rests in the sound discretion of

the trial court, and that decision will not be reviewed unless there is a showing of abuse of discretion. State v. Melot, 108 Ariz. 527, 502 P.2d 1346 (1972); Carrel v. Lux, 101 Ariz. 430, 420 P.2d 564 (1966). An expert witness is one who possesses skill and knowledge superior to that of men in general, and it is the rule in this State that an expert may state his opinion upon a subject even though it may involve an opinion on an ultimate fact to be determined by the trier of fact. Watson v. Southern Pacific Co., 62 Ariz. 29, 152 P.2d 665 (1944). 31 Am.Jur.2d Expert and Opinion Evidence § 22 p. 518 at 520.

 Before asking the witness his opinion the State qualified him to the satisfaction of the trial court as an expert. The testimony shows that the witness had been in law enforcement in the area for some 14 years; that he had been occupied in the field of narcotics investigation for some six years; that he had had extensive contacts with admitted users of dangerous drugs; that he had discussed their habits and customs; that he had received special training at the college level; that he had received training from the Bureau of Narcotics and Dangerous Drugs of the Federal Government; that he had taught classes for the officers in his Department. From the foregoing it appears that there was no abuse of discretion by the trial court in allowing the witness to testify as an expert in the field of use of dangerous drugs.

The witness was allowed to express the opinion that the quantity and purity of the drugs possessed by the appellant indicated that they were for sale rather than personal possession. The basis of this opinion was presented on direct examination and tested by cross-examination. From a review of the testimony we find no abuse of discretion in permitting the police officer to state his opinion and the basis for it.

The method employed by the State in this case of presenting a police officer as an expert in a particular field of criminal activity is certainly not unusual, for other instances see 31 Am.Jur.2d Expert and Opinion Evidence § 180 p. 742. This Court has upheld such testimony in similar instances. State v. Arce, 107 Ariz. 156, 483 P.2d 1395 (1971).

Affirmed.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.