534 P.2d 768

**STATE of Arizona, Appellee,**

v.

**Armando Alejandro LOPEZ, Jr., Appellant.**

**No. 1 CA–CR 878.**

Court of Appeals of Arizona, Division 1, Department B.

May 1, 1975.

Bruce E. Babbitt, Atty. Gen., by Robert S. Golden, Asst. Atty. Gen., Phoenix, for appellee.

Wilkinson & Quarelli by O. J. Wilkinson, Jr., Phoenix, for appellant.

## OPINION

EUBANK, Judge.

This is an appeal by defendant Lopez from his conviction of sale of a narcotic drug (heroin) and the resulting sentence imposed thereon of 10 years' imprisonment (straight time). One issue is presented on appeal: Was there sufficient foundation for the admission of the heroin into evidence where there was a break in the chain of possession?

The facts necessary for a determination of this issue reveal that on April 12, 1974, the defendant Lopez and a companion sold a small quantity of heroin for $50 to a Maricopa County Deputy Sheriff who was working as an undercover narcotics officer. When sold to the officer, the heroin was inside a tinfoil packet within an envelope. On the same date that he received the packet, and without it leaving his possession, the officer placed the tinfoil packet and its contents inside a white envelope, marked it with a departmental report number and later placed it in a locker in the property room of the Maricopa County Sheriff's Department.

The next link in the chain of possession was established by a Department of Public Safety chemist who testified that he received the white envelope with the tinfoil packet on April 16, 1974, from the property custodian of the Department of Public Safety. It was given to him for analysis and was identified at trial by him by his initials and laboratory file number which he had written on the envelope. He further testified that the item was substantially in the same condition as when he first received it.

There was no testimony as to how the item was transferred from the Maricopa County Sheriff's property room to the Department of Public Safety property room, nor did the custodian who gave the packet to the chemist testify at trial. It is defendant's contention that this break in the chain of evidence, which was not supported by any testimony as to a routine and dependable method of exchange, was critical to the admission of the evidence.

It is well-settled law in Arizona that an object may be received into evidence if it is either properly identified by witnesses or through the establishment of a chain of possession. State v. Davis, 110 Ariz. 51, 514 P.2d 1239 (1973); State v. Rascon, 97 Ariz. 336, 400 P.2d 330 (1965). Where a narcotic is involved, the defendant correctly argues that because of the substance's natural susceptibility to alteration or substitution, once it has left the hands of the officer receiving it and has come into the possession of others, a chain of possession must be established which avoids any claim of substitution, tampering or mistake. State v. Davis, supra; State v. Petralia, 110 Ariz. 530, 521 P.2d 617 (1974). However, in establishing the chain of possession the prosecution need not call forth every person who comes in contact with the evidence where there is nothing to suggest the probability of substitution or tampering. State v. Davis, supra; State v. Hodges, 109 Ariz. 196, 507 P.2d 121 (1973); Udall, Evidence § 131 (1960).

The ultimate decision of whether sufficient foundation has been laid is within the sound discretion of the trial court. State v. Noble, 109 Ariz. 539, 514 P.2d 460 (1973). In the instant case, there was no suggestion of tampering in the chain of possession from the narcotics officer to the chemist. In addition, the officer testified that the exhibit tested by the chemist was identifiable to him by his departmental report number, placed there by him, as being the same packet received from the defendant and was substantially in the same condition as when he placed it in the property room. Finally, no issue was raised that the Exhibit 1 was not heroin. Under these circumstances we find no abuse of discretion in admitting the exhibit into evidence.

Affirmed.

HAIRE, Chief Judge, Division 1, and JACOBSON, P. J., concur.