112 F.3d 515
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mario Alberto ACUNA, Petitioner-Appellant,
v.
William GOTCHER; Attorney General, State of Arizona,
Respondents-Appellees.
 No. 96-16362.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 24, 1997.
 
 Before BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 I.
 
 2
 Mario Albert Acuna, an Arizona state prisoner convicted of selling heroin, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging the Arizona trial court's refusal to instruct the jury on entrapment. We affirm.
 
 II.
 
 3
 Acuna's contention that the Arizona trial court's refusal to instruct the jury on entrapment violates the Due Process Clause of the Fifth Amendment is without merit. We have previously held that Arizona's common-law doctrine of entrapment, which requires a defendant to admit to all of the elements of a substantive offense and to present some evidence that the State induced him to commit that offense in order to be entitled to an entrapment instruction, see State v. Keener, 520 P.2d 510, 513 (Ariz.1974), does not itself violate due process. Bueno v. Hallahan, 988 F.2d 86, 88 (9th Cir.1993). The state trial court concluded that Acuna's evidence of entrapment was insufficient under Arizona common-law to warrant an entrapment instruction. Thus, because Acuna has not alleged that the adjudicative procedures used by the Arizona trial court violated due process, we must presume that the trial court's refusal to instruct the jury on entrapment was correct unless that conclusion is not fairly supported by the record. See 28 U.S.C. § 2254(d). No such problem exists here: Acuna did not testify at trial that the undercover Tucson police officer told him that he needed to purchase heroin for his sick wife; Acuna's taped confession to the police does not mention that the officer made such a statement; and the officer specifically denied at trial ever telling Acuna that his wife was ill, although he admitted that he told Acuna he was purchasing heroin for his wife.
 
 III.
 
 4
 The district court's denial of Acuna' § 28 U.S.C. § 2254 habeas corpus petition is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3