NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

MICHAEL JENSEN, *Appellant.*

No. 1 CA-CR 14-0690
FILED 10-22-2015

Appeal from the Superior Court in Coconino County
No. S0300CR201200093
The Honorable Jacqueline Hatch, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Myles A. Braccio
*Counsel for Appellee*

Coconino County Public Defender's Office, Flagstaff
By Brad Bransky
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Jon W. Thompson joined.

---

**W I N T H R O P**, Judge:

**¶1**        Michael Jensen appeals his convictions and concurrent, presumptive sentences of 4.5 years' imprisonment for two counts of aggravated driving under the influence of alcohol, stemming from a January 15, 2012 incident.  We have jurisdiction over Jensen's timely appeal.  *See* Ariz. Rev. Stat. ("A.R.S.") §§ 12-120.21(A)(1), 13-4031, 13-4033(A).[1]  For the following reasons, we affirm.

## ANALYSIS

> I.        *Jensen's Motion to Preclude the Breath Test Evidence*

**¶2**        Jensen argues the trial court abused its discretion in denying his pretrial motion to preclude evidence that he registered a blood alcohol concentration ("BAC") of .260 and .263 on duplicate breath tests within two hours of driving.  He argues on appeal, as he did before trial, that the State offered insufficient evidence that the gas standard used to calibrate the Intoxilyzer 8000 used in his case contained the purported .1 standard alcohol concentration solution, foundation necessary to show the machine "was in proper operating condition" under A.R.S. § 28-1323(A)(5).  The court denied the motion following an evidentiary hearing.

**¶3**        In reviewing a trial court's denial of a motion to suppress evidence, this court restricts its review to consideration of the facts the trial court heard at the suppression hearing, *State v. Blackmore*, 186 Ariz. 630, 631, 925 P.2d 1347, 1348 (1996), viewed in the light most favorable to sustaining its ruling.  *State v. Hyde*, 186 Ariz. 252, 265, 921 P.2d 655, 668 (1996).  This court reviews for an abuse of discretion a trial court's decision that sufficient foundation has been laid to admit evidence.  *State v. George*, 206 Ariz. 436, 446, ¶ 28, 79 P.3d 1050, 1060 (App. 2003).

---

[1]        We cite the current version of all statutes unless changes material to our decision have occurred since the date of the crimes.

¶4        The trial court did not abuse its discretion.  Under A.R.S. § 28-1323(A)(5), results of breath tests are admissible on a showing in pertinent part that the device "was in proper operating condition," which can be demonstrated by periodic maintenance records, such as "[c]alibration checks with a standard alcohol concentration solution bracketing each person's duplicate breath test."  As Jensen recognizes, the State sought to satisfy § 28-1323(A)(5) by providing calibration checks done before, during, and after the subject tests to show the particular Intoxilyzer 8000 used was in proper operating condition.  Jensen argues on appeal, as he did in his pretrial motion, that the State was required to demonstrate the "standard alcohol concentration solution" referenced in A.R.S. § 28-1323(A)(5) was "NIST traceable" as required by Arizona Administrative Code R13-10-104(A)(4), meaning that it was certified as a .1 standard alcohol concentration solution by the National Institute of Standards and Technology.  Subsection (B) of § 28-1323, however, provides that compliance with subsection (A) "is the only requirement for the admission in evidence of a breath test result."  Section 28-1323(A)(5) does not require the "standard alcohol concentration solution" be "NIST traceable," and accordingly, "NIST traceability" is not a foundational requirement for the admission of breath-test results.  *See State ex rel. McDougall v. Superior Court*, 181 Ariz. 202, 204-07, 888 P.2d 1389, 1391-94 (App. 1995) (holding the State was not required to demonstrate under the predecessor statute full compliance with Department of Health Services regulations).

¶5        Moreover, the State offered sufficient evidence that the calibration checks conducted in this case utilized a solution that was not only a .1 "standard alcohol concentration solution," but was "NIST traceable."  At the evidentiary hearing on Jensen's motion to suppress, the quality-assurance specialist for the Intoxilyzer 8000 used in Jensen's case testified he checked the attached cylinder containing the alcohol concentration solution, and the cylinder registered a standard gas concentration of .1.  He further testified the label on all such cylinders stated they were "certified, traceable by NIST."  Although he admitted on cross-examination that he could not specifically say the label on this particular cylinder bore the words "NIST traceable," he had confirmed with the person at the Department of Public Safety ("DPS") crime lab responsible for sending the cylinders that all cylinders DPS sends to police for use with an Intoxilyzer are NIST traceable.[2]  On this record, the trial court acted within

---

[2]        Jensen did not object to this testimony on hearsay or other grounds.  In any event, hearsay is generally admissible in a suppression hearing.  *See State v. Keener*, 110 Ariz. 462, 465, 520 P.2d 510, 513 (1974); *see also State v.*

its discretion in denying Jensen's motion to preclude the breath-test results on the ground the State could not show the Intoxilyzer 8000 was calibrated with a "standard alcohol concentration solution" under A.R.S. § 28-1323(A)(5).

### II. Jensen's Profiling Objection

**¶6** Jensen next argues the trial court abused its discretion in overruling his "profiling" objection to the investigating officer's testimony that Jensen's minimization of how drunk he was at the scene was a "common practice" among DUI suspects. The officer testified Jensen stated at the scene that, on a scale of "0" (completely sober) to "10" (passed out), he considered himself a "1." However, after the officer arrested Jensen, advised him of his rights pursuant to *Miranda*,[3] and informed him that he had performed poorly on the field sobriety tests and registered a high BAC, Jensen told the officer he believed he ranked a "6" on the same scale. The prosecutor asked the officer if it was a "common practice" for someone to minimize his drinking at the scene of a DUI stop, and the officer answered affirmatively. Defense counsel objected on the ground of "profiling." The trial court overruled the objection. We review the court's ruling for an abuse of discretion. *State v. Ketchner*, 236 Ariz. 262, 264, ¶ 13, 339 P.3d 645, 647 (2014).

**¶7** This was not an impermissible use of "profile evidence." Profile evidence is evidence that "tends to show that a defendant possesses one or more of an informal compilation of characteristics or an abstract of characteristics typically displayed by persons engaged in a particular kind of activity." *Id*. at ¶ 15 (citations and internal quotations omitted). "Although there may be legitimate uses for profile evidence . . . profile evidence may not be used as substantive proof of guilt because of the risk that a defendant will be convicted not for what he did but for what others are doing." *Id*. at 264-65, ¶ 15, 339 P.3d at 647-48 (citations and internal quotation omitted). The testimony was not offered to show that because Jensen possessed a characteristic common among DUI suspects, he was guilty of DUI; rather, it was offered to show he initially minimized his level

---

*Riley*, 196 Ariz. 40, 43, ¶¶ 6-7, 992 P.2d 1135, 1138 (App. 1999) (holding that confrontation rights do not apply to the same extent at a pretrial suppression hearing as they do at trial); Ariz. R. Evid. 104(a) (stating a court is not bound by rules of evidence in preliminarily determining the admissibility of evidence).

3        *Miranda v. Arizona*, 384 U.S. 436 (1966).

of inebriation, a tactic not uncommon among drivers when first stopped for DUI.

¶8        Moreover, even assuming *arguendo* this evidence was improper, any error in admitting it was harmless.  To demonstrate an objected-to error was harmless, the State must prove beyond a reasonable doubt the error in admitting the evidence "did not contribute to or affect the verdict or sentence."  *State v. Henderson*, 210 Ariz. 561, 567, ¶ 18, 115 P.3d 601, 607 (2005).  The State has met its burden.  On this record, in which Jensen ultimately ranked himself a "6" on a scale of "0" to "10" measuring drunkenness, and registered, at a minimum, a .260 BAC within two hours of driving, any error in eliciting testimony that he initially minimized his intoxication neither contributed to nor affected the verdicts of guilt.

### III.        Jensen's Request for a <u>Willits</u> Instruction

¶9        Jensen also argues the trial court abused its discretion in denying his request for a *Willits*[4] instruction, based on the failure of the investigating officer to videotape him performing all of his field sobriety tests.  The court denied the request, reasoning that the officer's first priority was safety, not videotaping the field sobriety tests, and noting the officer had recorded in his report and testified how Jensen performed on the tests.  The court also concluded that, even if the officer had captured all of the field sobriety tests on the video (which he was not required to do), the evidence was insufficient to show it would have been exculpatory.  The *Willits* instruction allows the jury to draw an inference from the State's destruction of material evidence that the lost or destroyed evidence would be unfavorable to the State.  *See State v. Fulminante*, 193 Ariz. 485, 503, ¶ 62, 975 P.2d 75, 93 (1999).  Nevertheless, even "[d]estruction or nonretention of evidence does not automatically entitle a defendant to a *Willits* instruction." *State v. Murray*, 184 Ariz. 9, 33, 906 P.2d 542, 566 (1995).  "To be entitled to a *Willits* instruction, a defendant must prove that (1) the [S]tate failed to preserve material and reasonably accessible evidence that could have had a tendency to exonerate the accused, and (2) there was resulting prejudice." *State v. Glissendorf*, 235 Ariz. 147, 150, ¶ 8, 329 P.3d 1049, 1052 (2014) (citations omitted).

¶10        A defendant is not entitled to a *Willits* instruction in a case like this – where a law enforcement officer has merely failed "to seek out and gain possession of potentially exculpatory evidence."  *State v. Perez*, 141 Ariz. 459, 463, 687 P.2d 1214, 1218 (1984); *see also Murray*, 184 Ariz. at 33, 906

---

4        *State v. Willits*, 96 Ariz. 184, 393 P.2d 274 (1964).

P.2d at 566 (recognizing a defendant is not entitled to a *Willits* instruction "merely because a more exhaustive investigation could have been made"); *State v. Willcoxson*, 156 Ariz. 343, 346, 751 P.2d 1385, 1388 (App. 1987) (concluding "a failure to pursue every lead or gather every conceivable bit of physical evidence" does not require a *Willits* instruction). Moreover, the evidentiary value of additional video of Jensen's performance of field sobriety tests relies on speculation, an insufficient basis for a *Willits* instruction. *See Glissendorf*, 235 Ariz. at 150, ¶ 9, 329 P.3d at 1052. Jensen suggests only that a videotape *might* have shown the uneven surface of the shoulder of the road was responsible for his poor performance on the "balance[-]based field tests." Jensen performed the walk-and-turn test, however, on the paved road, and one of the patrol vehicle's video cameras captured his performance, albeit only from the waist up. Also, Jensen has failed to explain how uneven ground or a sand and gravel substrate would have impaired his ability to perform the one-leg stand. The trial court did not abuse its discretion in denying Jensen's request for a *Willits* instruction.

## CONCLUSION

¶11         We affirm Jensen's convictions and sentences.



Ruth A. Willingham · Clerk of the Court
FILED: ama

6