NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

SYLVIA CARAVETTA, *Plaintiff/Appellant*,

*v.*

DANIEL S. DUICK, et al., *Defendants/Appellees*.

No. 1 CA-CV 16-0105
FILED 3-7-2017

Appeal from the Superior Court in Maricopa County
No.  CV2015-050029
The Honorable John R. Hannah, Jr., Judge

**AFFIRMED**

COUNSEL

Sylvia Caravetta, Delray Beach, FL
*Plaintiff/Appellant*

Jones, Skelton & Hochuli PLC, Phoenix
By J. Russell Skelton, Eileen Dennis GilBride
*Counsel for Defendants/Appellees*

---

## MEMORANDUM DECISION

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge Patricia K. Norris and Judge Paul McMurdie joined.

---

**JONES**, Judge:

**¶1**  Sylvia Caravetta appeals from an order dismissing her case against Daniel S. Duick and Endocrinology Associates, P.A. (collectively, Appellees) for failure to serve a preliminary expert opinion affidavit required by Arizona Revised Statutes (A.R.S.) section 12-2603.[1]  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**  In January 2015, Caravetta filed a complaint against Appellees, alleging a medical malpractice claim against Duick, a physician board-certified in internal medicine and endocrinology, arising out of actions occurring in August 2012.  Caravetta did not certify whether medical expert testimony was necessary to prove her claim.  *See* A.R.S. § 12-2603(A) ("If a claim against a health care professional is asserted in a civil action, the claimant . . . shall certify in a written statement that is filed and served with the claim . . . whether or not expert opinion testimony is necessary to prove the health care professional's standard of care or liability for the claim.").

**¶3**  Appellees moved for an order requiring Caravetta to serve a preliminary expert opinion affidavit.  *See* A.R.S. § 12-2603(D) (permitting the health care professional to "apply by motion to the court for an order requiring the claimant . . . to obtain and serve a preliminary expert opinion affidavit").  The superior court granted the motion and ordered Caravetta to serve the requisite affidavit within thirty days.

**¶4**  Caravetta requested and received additional time to serve the affidavit.  Shortly before the extended deadline, Caravetta filed a preliminary expert opinion affidavit from an emergency medicine

---

[1]  Absent material changes from the relevant date, we cite a statute's current version.

physician. However, Caravetta simultaneously advised the superior court she found the affidavit she filed to be "unacceptable" and wanted to modify it.

**¶5** Appellees moved for dismissal. The superior court found the affidavit did not satisfy A.R.S. § 12-2603 because the expert was not qualified to opine on the standard of care of a board-certified internal medicine or endocrinology physician. The court then extended the compliance deadline to provide Caravetta a reasonable time to cure the affidavit. The court warned it would dismiss the case if Caravetta failed to timely comply.

**¶6** Caravetta failed to comply with the order and Appellees moved for summary disposition of their motion to dismiss. The superior court dismissed the case without prejudice in January 2016. Caravetta timely appealed, and we have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and -2101(A)(3). *See Garza v. Swift Transp. Co.*, 222 Ariz. 281, 284, ¶ 15 (2009) (holding a dismissal without prejudice entered after the statute of limitations has run is a final, appealable order), *superseded by statute on other grounds as stated in Brumett v. MGA Home Healthcare, L.L.C.*, 240 Ariz. 420, 431, ¶ 22 (App. 2016); *see also Romero v. Hasan*, ___ Ariz. ___, ___, 338 P.3d 22, 23, ¶¶ 4–5 (App. 2017).

## DISCUSSION

**¶7** We review *de novo* a dismissal for failure to serve a preliminary expert opinion affidavit required by A.R.S. § 12-2603. *Romero*, 338 P.3d at 23, ¶ 6 (citing *Coleman v. City of Mesa*, 230 Ariz. 352, 355-56, ¶ 7 (2012)). We review the court's determination that a litigant's expert is not qualified for an abuse of discretion. *Baker v. Univ. Physicians Healthcare*, 231 Ariz. 379, 387, ¶ 30 (2013) (citing *State v. Keener*, 110 Ariz. 462, 465-66 (1974)).

**¶8** To the extent Caravetta argues the affidavit from the emergency medicine physician was sufficient, we reject her argument.[2]

---

[2] Within her opening brief, Caravetta has failed to set forth the operative facts, list discernible issues, develop arguments, or cite to authorities or relevant parts of the record. *See* ARCAP 13(a)(5)–(7). We discern Caravetta's arguments as best we can and consider only adequately supported arguments. *See In re Aubuchon*, 233 Ariz. 62, 64–65, ¶ 6 (2013). Arguments unsupported by law and fact are waived. *Id.; see also Ritchie v. Krasner*, 221 Ariz. 288, 305, ¶ 62 (App. 2009) (holding that failure to support

Pursuant to A.R.S. § 12-2603(B)(1), the preliminary expert opinion affidavit must set forth "[t]he expert's qualifications to express an opinion on the health care professional's standard of care or liability." Regarding qualifications, A.R.S. § 12-2604(A)(1) provides, in relevant part:

> If the party against whom or on whose behalf the testimony is offered is or claims to be a specialist, [the expert must] specialize[] at the time of the occurrence that is the basis for the action in the same specialty or claimed specialty as the party against whom or on whose behalf the testimony is offered. If the party against whom or on whose behalf the testimony is offered is or claims to be a specialist who is board certified, the expert witness shall be a specialist who is board certified in that specialty or claimed specialty.

*See Cornerstone Hosp. of Se. Ariz., L.L.C. v. Marner ex rel. Cty. of Pima*, 231 Ariz. 67, 73, ¶ 18 (App. 2012) ("[T]he expert's qualifications for purposes of [A.R.S.] § 12-2603(B)(1) are governed by [A.R.S.] § 12-2604.") (citation omitted). Here, Caravetta offered expert opinion testimony from a board-certified, emergency medicine physician against a physician board-certified in internal medicine and endocrinology. Caravetta's expert was not qualified under A.R.S. § 12-2604(A)(1), and the superior court did not abuse its discretion in finding the affidavit insufficient.

**¶9** Caravetta also argues she could not comply with the superior court's order to serve the expert affidavit because expert witnesses refused to work with her, suggesting instead that her medical records could have been used in lieu of an expert affidavit. However, she does not cite any authority to support this substitution, and A.R.S. § 12-2603 does not provide for it. *See Romero*, 388 P.3d at 23, ¶ 9 (rejecting request for physician testimony at a hearing in lieu of serving a preliminary affidavit where the procedure was not provided for in A.R.S. § 12-2603). Moreover, regardless of the reason for noncompliance, A.R.S. § 12-2603(F) "clearly and unambiguously mandates the superior court dismiss without prejudice a claim when the claimant fails to comply with the court's order to file and serve a preliminary expert opinion affidavit." *Id.* Because Caravetta failed

---

arguments with legal authority may constitute waiver and abandonment of that claim) (citing *State v. Moody*, 208 Ariz. 424, 452 n.9, ¶ 101 (2004)).

to comply with the court's order to serve the affidavit, the court was required to dismiss Caravetta's claim. We find no error.

**CONCLUSION**

¶10       For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA