NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

CYNTHIA JANE MUELLER, *Appellant*.

No. 1 CA-CR 15-0561
FILED 1-12-2017

Appeal from the Superior Court in Yavapai County
No. P1300CR201300376
The Honorable Jennifer B. Campbell, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Craig Williams Attorney at Law PLLC, Prescott Valley
By Craig Williams
*Counsel for Appellant*

<hr>

## MEMORANDUM DECISION

Acting Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Margaret H. Downie and Judge Patricia A. Orozco joined.

<hr>

**T H U M M A,** Judge:

**¶1**        Cynthia Jane Mueller appeals her convictions and resulting sentences for first degree murder, conspiracy to commit first degree murder, fraudulent schemes and artifices and unlawful use of a power of attorney. Mueller argues the superior court deprived her of her constitutional right to testify, erred by admitting unfairly prejudicial testimony and erred in reading jury questions aloud in open court that were not to be answered by the witness who was testifying at the time. Because Mueller has shown no fundamental error resulting in prejudice, her convictions and sentences are affirmed.

## BACKGROUND

**¶2**        The State charged Mueller with first degree murder, a Class 1 felony; conspiracy to commit first degree murder, a Class 1 felony; fraudulent schemes and artifices, a Class 2 felony and unlawful use of a power of attorney, a Class 2 felony, in connection with her husband's death in November 2012. After a nine-day trial, the jury found Mueller guilty as charged. The court sentenced Mueller to concurrent life terms on the murder and conspiracy convictions to be served consecutive to concurrent five-year prison terms on the other convictions. This court has jurisdiction over Mueller's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1), 13-4031, 13-4033(A) (2016).[1]

## DISCUSSION

**¶3**        Because Mueller did not timely object to the issues she argues on appeal, this court's review is limited to fundamental error. *See State v.*

<hr>

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

*Henderson*, 210 Ariz. 561, 567 ¶¶ 19-20 (2005). "Accordingly, [Mueller] 'bears the burden to establish that "(1) error exists, (2) the error is fundamental, and (3) the error caused [her] prejudice.'" *State v. James*, 231 Ariz. 490, 493 ¶ 11 (App. 2013) (citations omitted).

## I.     Mueller Was Not Denied Her Right To Testify.

**¶4**        Mueller argues she was deprived of her constitutional right to testify because the State objected to portions of her testimony as being nonresponsive and the superior court sustained some objections and struck some of her testimony. Mueller has a due process right to have "'a meaningful opportunity to present a complete defense,'" *State v. Lehr*, 227 Ariz. 140, 150 ¶ 39 (2011) (quoting *California v. Trombetta*, 467 U.S. 479, 485 (1984)), including to testify on her own behalf if she elects to do so, *Rock v. Arkansas*, 483 U.S. 44, 52 (1987); *see also* Ariz. Const. art 2, § 24; *State v. Noble*, 109 Ariz. 539, 540 (1973). This right to present a complete defense "is not unlimited, but rather is subject to reasonable restrictions," including the application of applicable procedural rules. *United States v. Scheffer*, 523 U.S. 303, 308 (1998). Thus, "the accused . . . must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence." *Chambers v. Mississippi*, 410 U.S. 284, 302 (1973).

**¶5**        Mueller's reliance on *Rock* is misplaced. *Rock* held a rule excluding all hypnotically refreshed testimony impermissibly infringed on the defendant's constitutional right to testify. 483 U.S. at 45. *Rock* stated this per se rule "had a significant adverse effect of the defendant's ability to testify" because "[i]t virtually prevented her from describing any of the events that occurred on the day of the shooting, despite corroboration of many of those events by other witnesses." *Id*. at 56-57. Unlike *Rock*, there was no per se preclusion of Mueller's testimony. The State objected to Mueller's testimony during cross-examination when she sought to interject matters into her answers that were nonresponsive and went beyond the scope of the questions asked. The superior court sustained many of these objections. As a result, counsel asked Mueller to listen to the question and answer the question being asked, and the court admonished her to do so.

**¶6**        There was nothing improper in the superior court seeking to keep Mueller on topic and, when the State objected and moved to strike, sustaining the objection, granting the motion and striking volunteered, nonresponsive statements. The superior court is directed to control the trial proceedings and is vested with great discretion in doing so. *See Hales v. Pittman*, 118 Ariz. 305, 313 (1978); *see also* Ariz. R. Evid. 611(a). This includes

the authority to strike nonresponse answers. *See* 1 Joseph M. Livermore et al., *Arizona Practice: Law of Evidence* § 611.2 (Daniel J. McAuliffe & Shirley J. McAuliffe eds., 4th ed. 2016). Moreover, Mueller was subject to redirect examination by her own counsel after these actions. Neither the State's objections and motions to strike, nor the superior court's rulings, impermissibly infringed on Mueller's right to testify.

¶7            Mueller also claims the State engaged in improper vouching during her cross-examination. Mueller claims the State's objections did so by placing the prestige of the government behind its witness, *State v. Bible*, 175 Ariz. 549, 601 (1993), thereby providing personal assurances the truthfulness of a witness, *State v. King*, 180 Ariz. 268, 277 (1994). The exchange Mueller cites for this argument is as follows:

> [Prosecutor]: He paid for that stay with his credit card, right?
> [Mueller]: Right and then I paid him cash when I got there.
> [Prosecutor]: Not according to Chuck Todd; you never paid him back.
> [Mueller]: Well, of course not. He is obviously lying.
> [Prosecutor]: Is he lying or are you lying, Mrs. Mueller?
> [Mueller]: I took an oath and I believe in the Christian—
> [Prosecutor]: So did Mr. Todd.
> [Mueller: But I don't believe he believes in God.
> Prosecutor]: Objection, move to strike, Your Honor.
> The Court: Shall be stricken.

¶8            Mueller argues the prosecutor's remark "[s]o did Mr. Todd" is improper vouching as stating his Christian faith supports his credibility. Read in context, on a fundamental error review, the remark was a reference to Todd taking the oath, not to his religious faith. Thus, Mueller's comment regarding her view of Todd's religious beliefs, to which the prosecutor objected, was both nonresponsive and improper. *See also* Ariz. R. Evid. 610. Accordingly, on a fundamental error review, there was no impermissible vouching.

## II. The Court Did Not Erroneously Admit Unfairly Prejudicial Testimony.

¶9         Mueller next argues that the superior court violated her due process rights by admitting unfairly prejudicial testimony. At the time of his death, Mueller's husband was suffering from a terminal progressive neurodegenerative disease. At trial, the jury heard testimony from an attorney who prepared a trust at the request of Mueller's husband seven months before his death. The attorney testified that the trust was to be funded by proceeds of the victim's life insurance and would benefit the Muellers' two children; the attorney also testified that the trust was never funded because Mueller would not sign off on it or relinquish her designation as a life insurance beneficiary. Mueller argues admission of this testimony requires reversal because it was irrelevant and unfairly prejudicial in that it only served to portray her as a bad person, an issue this court reviews for an abuse of discretion. *State v. Chappell,* 225 Ariz. 229, 238 ¶ 28 (2010).

¶10         Evidence is relevant if it has any tendency to make a material fact more or less probable than it would be without the evidence. Ariz. R. Evid. 401. Although motive is not an element of murder, evidence regarding motive is a circumstance that may be considered in determining guilt or innocence. *State v. Hunter,* 136 Ariz. 45, 50 (1983). Stated differently, while proof of motive is not essential, evidence of motive properly may be relevant and admissible. *Antone v. State,* 49 Ariz. 168, 181 (1937).

¶11         Here, the State's theory was Mueller murdered her husband for financial reasons, including to receive insurance proceeds. Evidence that Mueller would not sign off on the trust or relinquish her rights to insurance proceeds to fund the trust for their children is some evidence she wished to retain the insurance proceeds. And evidence of other acts is admissible to prove motive. Ariz. R. Evid. 404(b). Because the attorney's testimony is some proof of Mueller's desire for the insurance proceeds, it is relevant to motive.

¶12         Relevant evidence may be excluded if its probative value is "substantially outweighed" by the danger of, among other things, "unfair prejudice." Ariz. R. Evid. 402, 403. In this case, the superior court properly could conclude that the challenged evidence addressing motive was not unfairly prejudicial. *See State v. Hyde,* 186 Ariz. 252, 276–77, 921 (1996) (holding admission of evidence defendant was in arrears for several months in child support obligations proper to establish financial motive for

murders). Accordingly, on a fundamental error review, Mueller has shown no error in the superior court's admission of such evidence.

**III.    The Superior Court Did Not Commit Fundamental Error Resulting In Prejudice By Reading Juror Questions That Would Not Be Answered By The Witness Who Was Testifying At The Time.**

**¶13**        Mueller argues the superior court erred in reading jury questions aloud in open court that the court determined would not be asked of the witness who was testifying at the time. The record shows the court, after consultation with counsel and without objection, read several jury questions aloud and explained either why the specific witness could not answer the question or that another witness would be asked the question. Mueller speculates this conduct could have caused jurors to believe that information was being hidden from them or that the answers to the questions might lead them down a path to a conclusion they might not have otherwise made.

**¶14**        Questions submitted by jurors are subject to objections by the parties and, as that implies, review by the court before they may be asked. *See* Ariz. R. Crim. P. 18.6(e). A comment to the rule authorizing juror questions states that, "[i]f the court determines that the juror's question calls for inadmissible evidence, the question shall not be read or answered." Ariz. R. Crim. P. 18.6(e) 1995 amend. cmt. Instead, the court is to tell the jury that "trial rules do not permit some questions to be asked and that the jurors should not attach any significance to the failure of having their question asked." *Id.*

**¶15**        Although the procedure used in this case may not entirely square with this comment, no objection was made. Moreover, the record does not show that the superior court simply read questions to which it had sustained an objection. Instead, certain questions were read and the court then noted that another witness would be asked the question or that the extent of an attorney's testimony was limited by the attorney-client privilege or some similar explanatory information, again without objection.

**¶16**        Given this context, Mueller does not argue how the procedure used constituted fundamental error; instead, she asserts it deprived her of the right to a fair trial. Absent argument or authority that the alleged error is fundamental, a defendant cannot sustain her burden to show fundamental error resulting in prejudice. *State v. Moreno-Medrano*, 218 Ariz. 349, 354 ¶ 18 (App. 2008). Similarly, Mueller's speculation about the impact of reading the questions to the jury is insufficient to show fundamental

error resulting in prejudice. *State v. Dickinson*, 233 Ariz. 527, 531 ¶ 13 (App. 2013). Accordingly, on a fundamental error review, Mueller has shown no error in the superior court's reading aloud in open court juror questions that would not be answered by the witness at the time they were read.[2]

## CONCLUSION

¶17        Because Mueller has shown no fundamental error resulting in prejudice, her convictions and resulting sentences are affirmed.



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

[2] In her reply brief on appeal, Mueller argues for the first time cumulative error, asserting the State's trial conduct was prosecutorial misconduct. The record does not support such an argument and, in any event, this court does not review issues raised for the first time in a reply brief on appeal. *See State v. Watson*, 198 Ariz. 48, 51 ¶ 4 (App. 2000).